# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KELVIN BENARD WARREN, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| CLAYTON COUNTY POLICE | : | |
| DEPARTMENT et al., | : | CIVIL ACTION NO. |
|    Defendants. | : | 1:16-CV-4109-TWT-JKL |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff, Kelvin Benard Warren, a former prisoner, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 1.] Plaintiff has neither paid the filing and administrative fees nor submitted a request for leave to proceed *in forma pauperis*. For the purpose of dismissal only, Plaintiff is **GRANTED** leave to proceed *in forma pauperis*. For the reasons discussed below, the undersigned recommends that this action be dismissed without prejudice.

I.  Discussion

In his complaint, Plaintiff disclosed that he had filed only one federal lawsuit while incarcerated. [Doc. 1 at 1-2.] Plaintiff declared under penalty of perjury that the information in his complaint was true and correct. [*Id.* at 24.] However, Plaintiff was previously reminded that he had filed five other federal lawsuits while

incarcerated. *See* Final Report & Recommendation, *Warren v. Clayton Cty.*, No. 1:15-cv-1371-TWT, at 1 (N.D. Ga. Apr. 29, 2015, *adopted* May 28, 2015) (listing Plaintiff's five previous lawsuits).

The United States Court of Appeals for the Eleventh Circuit has determined that a district court has discretion to dismiss a plaintiff's *pro se* complaint based on a misrepresentation of his litigation history. *See Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 225-26 (11th Cir. 2011) (per curiam).

> Under 28 U.S.C. § 1915, [a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal. . . . In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. . . . Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules.

*Id.* (citations and internal quotation marks omitted). "[D]ismissal of an action without prejudice as a sanction for . . . failure to disclose the existence of a prior lawsuit, where [the *pro se* plaintiff] was under penalty of perjury, [is] proper." *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012) (per curiam). "Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit." *Id.*

2

In the present case, Plaintiff failed to disclose five federal lawsuits that he had filed while incarcerated. Plaintiff's misrepresentation is an abuse of the judicial process and warrants the sanction of dismissal without prejudice. Because the present case concerns events that began on November 27, 2014 [*see* Doc. 1 at 5], Plaintiff has sufficient time to recommence the case within the two-year statute of limitations that applies to § 1983 actions in Georgia. *See Combs v. Nelson*, 419 F. App'x 884, 886 (11th Cir. 2011) (per curiam) (citing *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003)). If Plaintiff wishes to refile this case, he should do so without delay, and he must submit a non-prisoner civil rights complaint because he is no longer incarcerated.

In the event that Plaintiff asks to amend the present complaint to disclose his litigation history properly, the undersigned notes that the District Court is not obligated to grant him an opportunity to amend following a finding that he abused the judicial process through non-disclosure of his prior cases. The Eleventh Circuit has stated the following:

> While we have not expressly addressed the interaction of a timely Rule 15(a) motion to amend before an answer and a sanctions dismissal based on failure to disclose a prior lawsuit, permitting [a plaintiff] to amend his complaint arguably would have circumvented the district court's ability to manage its docket by sanctioning [a plaintiff's] failure to disclose his prior lawsuit history.

*Cole v. Rich*, 626 F. App'x 220, 223 (11th Cir. 2015) (per curiam).  The Eleventh Circuit has also stated that "to allow [a plaintiff] to [later] acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."  *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam).

II. Conclusion

Based on the foregoing, **IT IS ORDERED** that Plaintiff is **GRANTED** leave to proceed *in forma pauperis* for the purpose of dismissal only.  The undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED**, this 15th day of November, 2016.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE